UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASSACHUSETTS BAY INSURANCE CO. and HANOVER INSURANCE GROUP, INC., <br><br>                    Plaintiff, <br><br> v. <br><br> SENECA INSURANCE COMPANY, INC., GREAT AMERICAN ALLIANCE INSURANCE COMPANY, 2939, LLC, JOHN DOES 1-10, and ABC CORPORATIONS 1-10, <br><br>                    Defendants, <br><br>        and <br><br> RI XIAN WANG <br> MEI YING LIN <br> LINDA WEISS <br> DAVID WEISS <br> BULSON MANAGEMENT, <br>            Interested Parties. | Civil Action No.: 21-cv-09184-CM <br><br><br> **INTERROGATORIES TO PLAINTIFF ON BEHALF OF INTERESTED PARTIES, RI XIAN WANG AND MEI YING LIN** |

**PLEASE TAKE NOTICE,** that pursuant to Fed.R.Civ.P. 33, you are hereby required to answer the following interrogatories separately, fully and under oath by serving written responses on the undersigned attorneys within thirty (30) days of service hereof.

**DEFINTIONS**

As used herein, unless the context otherwise requires:

1. (a) "Plaintiff" shall refer to the plaintiff Massachusetts Bay Insurance Co. and Hanover Insurance Group, individually and on behalf of all those similarly situated, or any of her agents, servants, employees, or representatives.

   (b) "Defendant" shall refer to defendant, Great American Alliance Insurance Company and/or any of its employees, agents, servants, or representatives.

2. "Persons" shall refer to a natural person, partnership, corporation or incorporated association or other legal identity.

1

3. "Documents" or "Records" shall refer to writings of any nature or description including, but not limited to correspondence, reports, memoranda, logs, minutes or transcripts of meetings, checks, photographs, agenda, bulletins, notices, announcements, instructions, manuals, brochures, telegrams, diaries, notes and any other and all other writings, discoverable under the Federal Rules of Civil Procedure.

4. The Uniform Definitions set forth in Local Rule 26.3 of the Rules of the United District Courts for the Southern and Eastern Districts of New York are incorporated herein and made a part hereof, and to the extent that said Uniform Definitions conflict with the definitions set forth in the foregoing paragraph, the Uniform Definitions apply.

5. The "Complaint" shall mean the Complaint for Declaratory Judgment filed on November 5, 2021.

6. "Documents" or "Records" shall refer to writings of any nature or description including, but not limited to correspondence, reports, memoranda, logs, minutes or transcripts of meetings, checks, photographs, agenda, bulletins, notices, announcements, instructions, manuals, brochures, telegrams, diaries, notes and any other and all other writings, discoverable under the Federal Rules of Civil Procedure.

7. When requested to identify or set forth the identification of documents, and plaintiff fails to annex a copy of same, then such identification should be with sufficient particularity to frame a notice to produce under Fed.R.Civ.P. 34 and should include:

   (a) Nature of the document (i.e., letter, memorandum, report, etc.; if the document has a title, state the title as well as the generic description);
   (b) Originator;
   (c) Each recipient of the document of any copy thereof;
   (d) Date document was originated;
   (e) Date the document was transmitted;
   (f) Substance of document;
   (g) The present location of the document.

8. When requested to identify or set forth the identification of a natural person, such identification should include (in addition to any other information specifically requested):
   (a) The person's name and age;
   (b) The person's present or last known personal and business address;
   (c) The person's position with defendants during transactions involved in this litigation;
   (d) The person's present employer and position;
   (e) Whether, to plaintiff's knowledge, such person is, for medical reasons, unable to appear and testify in connection with this action.

9. The term "identify", when used hereof in reference to a corporation, partnership, or other business concern, location or facility means to state its full name and present business address and state of incorporation.

10. The term "identify" when used herein in reference to an act, contact transaction, meeting, action or instance, means to state:
    (a) The date and time when it occurred;
    (b) The place where it occurred;
    (c) The identity of each person participating therein;
    (d) On whose behalf each said person participated or purported to participate;
    (e) The nature, subject matter, and circumstances surrounding it, and the nature and substance of all communications occurring during or in connection with it.

11. The term "identify", when used herein in reference to a communication, means to state:
    (a) The date, time and place at which it was transmitted and received;
    (b) The parties who transmitted and received the communication and the individuals acting on their behalf, the media of the communication (e.g., face to face conversation, telephone conversation, video image, radio, etc.) and a true and complete description of the substance of the conversation.

11. The term "Underlying Matter" means the action entitled *Wang, et als. v. Weiss, et als.*, Index No. 519101/2016 pending in the Supreme Court of New York, County of Kings.

12. The term the "Weiss'" refers to Linda Weiss and David Weiss collectively.

13. The term the "Property" refers to the building located at 39 South 5th Street, Brooklyn, New York 11249.

14. The term "Industria" refers to Industria Superstudio Overseas, Inc, Industria World LLC, and Industria @ Sea Inc. collectively.

15. The term "Borgo" refers to Borgo Guglielmo, LLC.

16. The Uniform Definitions set forth in Local Rule 26.3 of the Rules of the United District Courts for the Southern and Eastern Districts of New York are incorporated herein and made a part hereof, and to the extent that said Uniform Definitions conflict with the definitions set forth in the foregoing paragraph, the Uniform Definitions apply.

**PLEASE TAKE NOTICE,** that if additional space is necessary for any answers, additional sheets should be annexed.

### INSTRUCTIONS

1. The answer to each interrogatory should be preceded by identification and verbatim quote of the interrogatory to which the answer responds. A separate answer should be given to each interrogatory and interrogatories should not be joined by a common answer. In the event that information sought by any interrogatory can be furnished by reference to the answer to another interrogatory, appropriate reference should be made.

2.     Each interrogatory should be construed independently. No interrogatory should be construed by reference to any other interrogatory for the purpose of limiting the scope if the answer to such interrogatory.

3.     "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the interrogatory all responses which might otherwise be construed to be outside its scope.

4.     If any interrogatory is objected to on the ground of privilege or otherwise, set forth fully each such objection and the facts upon which you rely as the basis for each such objection.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Set forth the name of each person answering these interrogatories, or assisting in the preparation of the responses to any of these interrogatories, and specify which interrogatories they answered or assisted in answering.

**RESPONSE TO INTERROGATORY NO. 1.:**


**INTERROGATORY NO. 2:**

Identify all efforts made by MBIC, Hanover, their employees, agents, representatives and attorneys hired by them to investigate and ascertain all insurance policies that would be applicable to cover 2939 and/or Weiss for the Underlying Action; identify all individuals who investigated same, the dates of said investigations, all communications, documentation and correspondence regarding same (including but not limited to internal memoranda, notes, etc.) and the results of said investigation.

**RESPONSE TO INTERROGATORY NO. 2.:**


**INTERROGATORY NO. 3:**

4

State whether 2939 and/or Weiss cooperated or failed to cooperate in providing all information in their possession with respect to insurance covering 2939 and/or Weiss and state the basis for same, including identifying all communication written and oral with 2939 and/or Weiss in Plaintiff's attempt to ascertain such insurance coverage and document all attempts made by MBIC, Hanover and their representatives to ascertain said insurance information.

**RESPONSE TO INTERROGATORY NO. 3.:**

**INTERROGATORY NO. 4:**

State when and how Plaintiffs first learned of the fact that 2939 and/or Weiss were covered by policies issued by Seneca and Great American, and state the circumstances surrounding same and explain why Plaintiffs did not learn of the existence of the Seneca and Great American policies earlier.

**RESPONSE TO INTERROGATORY NO. 4.:**

**INTERROGATORY NO. 5:**

State what mistakes, if any, were made by Plaintiffs in failing to learn of the existence of the Seneca and Great American policies earlier.

**RESPONSE TO INTERROGATORY NO. 5.:**

**INTERROGATORY NO. 6:**

State who was at fault and why, regarding Plaintiffs inability or failure to learn of the existence of the Seneca and Great American policies, and identify all notes, correspondence, documents, communication, internal memo and position papers regarding same.

**RESPONSE TO INTERROGATORY NO. 6.:**

**INTERROGATORY NO. 7:**

State whether or not Plaintiffs, their representation, employees and/or attorneys retained by them were aware of or recognized any obligation to provide all relevant insurance information covering Defendants, including 2939 and/or Weiss, to the Morelli Law Firm, the firm representing Interested Parties Wang and Lin in the Underlying Action; identify all individuals who may have been aware of or recognized such obligation and provide all communication, notes, memoranda, documents and correspondence regarding same.

**RESPONSE TO INTERROGATORY NO. 7.:**

**INTERROGATORY NO. 8:**

State whether or not Plaintiffs were advised that Interested Parties Wang an Lin by their attorneys served Discovery Demands seeking all relevant insurance policies covering Defendants, including 2939 and/or Weiss, on or about May 25, 2017 and April 13, 2018, and that there were six court orders dated 3/14/18; 8/2/18; 4/18/19; 7/10/19; 11/18/19; 1/6/20, all requiring that said insurance information be provided to attorneys for Wang and Lin. Identify all persons who were aware of the above discovery requirements, and identify all attempts by Plaintiffs and their representatives to comply with same.

**RESPONSE TO INTERROGATORY NO. 8.:**

**INTERROGATORY NO. 9:**

State the reason why Interested Parties Wang and Lin and their attorneys the Morelli Law Firm were not provided with the information about the Seneca and Great American policies by MBIC, Hanover and their representatives prior to Wang and Lin receiving a disclaimer letter from Seneca dated 2/12/20.

**RESPONSE TO INTERROGATORY NO. 9.:**

**INTERROGATORY NO. 10:**

Identify all documents relied upon in connection with your answers to these interrogatories and in connection with the drafting of your Complaint.

**RESPONSE TO INTERROGATORY NO. 10.:**

**INTERROGATORY NO. 11:**

State the name, home address, and professional or office address of each person you intend to call as an expert witness at trial and from whom you intend to elicit opinion testimony on any issue relating to liability or damages in the instant action.

**RESPONSE TO INTERROGATORY NO. 11.:**

**INTERROGATORY NO. 12:**

For each expert you intend to call at trial separately state the following in reasonable detail:

a. The subject matter on which such expert is to testify.

b. The qualifications of such expert as will be offered at trial.

c. The substance of the facts upon which such expert will rely;

d. The substance of the opinion to which such expert will testify.

  e. A summary of the grounds for such expert's opinion.

Please take notice that Interested Parties will seek preclusion or appropriate relief at the time of trial with respect to the testimony of any expert for whom there has not been full reasonable disclosure pursuant to this interrogatory and the preceding interrogatory.

**RESPONSE TO INTERROGATORY NO. 12.:**

**INTERROGATORY NO. 13:**

Identify all witnesses whom you will rely upon in this action, and the scope of their expected testimony with respect to the claims in this action.

**RESPONSE TO INTERROGATORY NO. 13.:**

Dated: New York, New York

  June 8, 2022

**MORELLI LAW FIRM PLLC**

By: _/s/ David L. Sobiloff_

David L. Sobiloff, Esq.
(Atty ID: 1832096)
777 Third Avenue, 31st Floor
New York, New York 10017
dsobiloff@morellilaw.com
*Attorneys for Wang and Lin*

TO: Seth A. Abrams, Esq.
   Donnelly Minter & Kelly LLC

163 Madison Avenue, Suite 320
Morristown, NJ 07960
sabrams@dmklawgroup.com
*Attorneys for Plaintiffs*

Frank A. Valverde, Esq.
Rivkin Radler LLP
926 RXR Plaza
Uniondale, New York 11556-0926
frank.valverde@rivkin.com
*Attorneys for Seneca Insurance Company*

Warren S. Koster, Esq.
Matthew Joseph Koster, Esq.
Koster Brady & Nagler LLP
One Whitehall Street, 10th Floor
New York, NY 10004
wkoster@kbn-law.com
mkoster@kbn-law.com
*Attorneys for Linda and David Weiss*

Alyse Berger Heilpern, Esq.
Labatte, Balkan, Colavita & Contini LLP
3 Huntington Quadrangle, Suite 102S
Melville, NY 11747
aheilpern@lbcclaw.com
*Attorneys for Great Am. Alliance Ins. Co.*

Michael Justin Schacher, Esq.
Gordon Rees Scully Mansukhani, LLP
Mamaroneck Ave., Suite 503
Harrison, NY 10528
mschacher@grsm.com
Attorneys for Bulson

## CERTIFICATION

I hereby certify that the foregoing answers are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____