UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MASSACHUSETTS BAY INSURANCE CO.** and **HANOVER INSURANCE GROUP, INC.**, <br><br>                     **Plaintiff,** <br><br>v. <br><br>**SENECA INSURANCE COMPANY, INC., GREAT AMERICAN ALLIANCE INSURANCE COMPANY, 2939, LLC, JOHN DOES 1-10,** and **ABC CORPORATIONS 1-10**, <br><br>                     **Defendants,** <br><br>and <br><br>**RI XIAN WANG** <br>**MEI YING LIN** <br>**LINDA WEISS** <br>**DAVID WEISS** <br>**BULSON MANAGEMENT,** <br><br>                     **Interested Parties.** | Civil Action No.: 21-cv-09184-CM <br><br>**INTERESTED PARTIES, WANG AND LIN'S FIRST NOTICE TO PRODUCE TO DEFENDANT, SENECA INSURANCE COMPANY** |

**TO:**   Alan C. Eagle, Esq.
        Frank A. Valverde, Esq.
        Rivkin Radler LLP
        926 RXR Plaza
        Uniondale, New York 11556-0926

**COUNSEL:**

     **PLEASE TAKE NOTICE,** that the undersigned, Attorneys for Interested Parties, Ri Xian Wang ("Wang") and Mei Ying Lin ("Lin") (collectively "Wang and Lin"), hereby demand Defendant, Seneca Insurance Company's ("Defendant" or "Seneca") responses to the within

-2-

Document Request within thirty (30) days after service of these Demands in accordance with Rule 34 of the Federal Rules of Civil Procedure.

Dated: New York, New York

    June 8, 2022

                                        **MORELLI LAW FIRM PLLC**

                                        By: _____

                                        David L. Sobiloff, Esq.
                                        (Atty ID: 1832096)
                                        777 Third Avenue, 31st Floor
                                        New York, New York 10017
                                        dsobiloff@morellilaw.com
                                        *Attorneys for Wang and Lin*

## DEFINITIONS AND INSTRUCTIONS

### DEFINITIONS

A. The definitions and rules of construction set forth in Local Civil Rule 26.3 are incorporated herein.

B. The terms "you" and "your" means the Defendant answering these Demands and its attorneys, agents, brokers, employees, representatives, and all other persons acting or purporting to act on their behalf.

C. "Accident" means the accident that allegedly occurred on July 19, 2016, involving Ri Xian Wang ("Claimant") which is the subject of the Underlying Action.

D. "Underlying Action" means the action entitled *Wang v. 2939 LLC, et al.*, Index No. 519101/2016 (N.Y. Sup. Ct. Kings Co.).

E. "Premises" means the premises located at 39 South 5th Street in Brooklyn, New York.

F. "Plaintiffs" means MBIC and Hanover, separately or collectively.

G. "Defendant" or "Seneca" shall mean Seneca Insurance Company, Inc.

H. "Seneca Primary Policy" means commercial general liability policy SCC2103683.

I. "Weiss" means David and Linda Weiss, separately or collectively.

J. "2939" means 2939, LLC.

### INSTRUCTIONS

1. The instructions are amplified by the definitions, and the information requested in these Demands is amplified by the definitions and instructions. Each Demand should be answered in the context of the definitions and instructions.

2. These Demands are continuing in nature and, to the extent the responses may be enlarged or otherwise modified in the future, Defendant is requested to serve supplemental responses promptly and to produce all information called for in the Demands promptly.

3. In responding to these Demands, Defendant is obligated to obtain and furnish all information available to it and any of its representatives, employees, agents, or attorneys.

4. If Defendant cannot produce information in response to the following Demands in full after exercising due diligence in attempting to secure the information available as of the date of its response to these Demands, Defendant is required to respond to the Demands to the best of its ability and explain why it cannot produce the remainder of the information sought by the Demand.

5. Separate answers should be accorded to each Demand and to each of its subparts, if any.

6. If any part of the information furnished in response to any part of any Demand is not within the personal knowledge of the affiant, so state and identify: (a) the person having personal knowledge of any part of the information furnished; and (b) each person who communicated to the affiant any part of the information furnished.

7. If Defendant objects to any of the Demands set forth below, state your objection as specifically as possible, and respond to the Demand insofar as it is not objectionable, and state the extent to which you have narrowed that Demand for purposes of your response.

8. If any requested information or any document required to be identified by a Demand is objected to on the basis of privilege, attorney work privilege, attorney work product, or any other protection:

    a. Specify the type of privilege asserted;

    b. Specify the basis for the assertion; and

    c. Specify a brief description of the subject matter.

## DOCUMENT DEMANDS

1. A true and complete certified copy of each and every insurance policy issued by Seneca to Weiss and/or 2939 with a policy period including July 19, 2016.

   **RESPONSE:**

2. True and complete copies of the claim files, notes, and documents maintained by Seneca concerning any claim for coverage by Weiss and/or 2939 concerning the Underlying Action and/or the Accident.

   **RESPONSE:**

3. True and complete. copies of the underwriting files maintained by Seneca concerning the Seneca Policy, including any documents or communications concerning adding 2939 and/or Weiss to the Policy as insureds.

   **RESPONSE:**

4. True and complete copies of all communications and/or documents concerning any claims for coverage for the Underlying Action and/or the Accident, including notice letters, tender letters, position letters, reservation of rights letters and disclaimer letters.

   **RESPONSE:**

5. True and complete copies of all documents exchanged in the Underlying Action, including but not limited to, pleadings, discovery demands and responses, interrogatories and responses, requests for admissions and responses, bills of particulars, court orders, motions, judgments, deposition transcripts and exhibits, and related documents.

   **RESPONSE:**

6. True and complete copies of all documents identifying every person employed by or retained by Seneca with knowledge concerning any claim for coverage for the Underlying Action and/or the Accident.

   **RESPONSE:**

7. True and complete copies of all documents identifying every person employed by or retained by Seneca with knowledge concerning any effort to insure 2939 and/or Weiss under the Seneca Policy.

   **RESPONSE:**

8. True and complete copies of all documents identifying every person at Seneca involved in Seneca's disclaimer of its defense of 2939 and/or Weiss in the Underlying Action.

**RESPONSE:**

9. True and complete copies of all documents concerning any investigation performed by Seneca concerning any claim for coverage for the Underlying Action and/or the Accident.

**RESPONSE:**

10. True and complete copies of all documents concerning Seneca's disclaimer of coverage to 2939 and/or Weiss.

**RESPONSE:**

11. True and complete copies of all documents referenced in Seneca's allegations in this action and/or supporting such allegations.

**RESPONSE:**

12. True and complete copies of all documents identifying any experts who Seneca intends to call as expert witnesses in this matter.

**RESPONSE:**

13. True and complete copies of all documents produced to and/or relied upon by each expert who Seneca intends to call as an expert witness in this matter.

**RESPONSE:**

14. True and complete copies of all expert reports prepared by any person that Seneca intends to call as an expert witness.

**RESPONSE:**

15. True and complete copies of all communications between any of the parties to this action concerning any claims for coverage and/or disclaimer of coverage for the Underlying Action and/or the Accident.

**RESPONSE:**

16. True and complete copies of all documents identifying witnesses whom Seneca will rely upon in this action and the scope of their knowledge concerning any claims for coverage for the Underlying Action and/or the Accident.

**RESPONSE:**

17. True and complete copies of all documents concerning any communications made by Seneca, or any other party herein, including from any agent, servant, or employee thereof, concerning any claims for coverage and/or disclaimer of coverage for the Underlying Action and/or the Accident.

**RESPONSE:**

18. True and complete copies of all documents relied upon in connection with your answers to Wang and Lin's First Set of Interrogatories, served herewith.

**RESPONSE:**

19. True and complete copies of the claim files, notes and documents maintained by Seneca concerning the declaratory judgement action entitled, *Continental Indemnity Co., et al. v. Bulson Mgmt. LLC, et al.,* Docket No.20-cv-3479 (S.D.N.Y. 2020).

**RESPONSE:**

20. True and complete copies of the claim files, notes and documents maintained by Seneca concerning the declaratory judgement action entitled, *2939, LLC et al. v. Continental Indemnity Co., et al.,* Index No. 524912/2020 (N.Y. Sup. Ct. Kings Cnty.).

**RESPONSE:**

21. True and complete copies of all communications and documents concerning the declaratory judgment actions referenced in Demands 19 and 20, above.

**RESPONSE:**

22. All documents identifying the owner(s) of the Premises before and after July 19, 2016.

**RESPONSE:**

23. All documents concerning any leases and/or subleases by Weiss and/or 2939 concerning the Premises, including leases, subleases, negotiation documents, assignments and other documents relating to the leases and/or subleases.

**RESPONSE:**

24. All communications and documents identifying the person(s) who made the decision to disclaim coverage to Weiss and/or 2939.

**RESPONSE:**

25. True and complete copies of all other documents upon which Seneca will rely in these proceedings and/or at trial.

**RESPONSE:**

26. True and complete copies of all documents, notes, memoranda, correspondence, notes of phone communications, etc. that support the claim that Seneca has been prejudiced.

**RESPONSE:**

27. True and complete copies of any and all documents that support the claim that Seneca has been damaged.

**RESPONSE:**

28. True and complete copies of any and all documents that show the claim that Seneca has been damaged.

**RESPONSE:**

29. True and complete copies of any and all reservation of rights letters.

**RESPONSE:**

30. True and complete copies of any and all documents, communications and other tangible material on which any reservation of rights letters were based.

**RESPONSE:**

31. True and complete copies of all documents, correspondence, notes and memoranda exchanged between Seneca and Great American with respect to providing coverage to 2939 and/or Weiss in the Underlying Action.

**RESPONSE:**

32. True and complete copies of all records regarding oral communications between Seneca and Great American with respect to providing coverage to 2939 and/or Weiss in the Underlying Action.

**RESPONSE:**

33. True and complete copies of all documents, correspondence, notes and memoranda, notes of phone calls, position statements and analysis of the manner in which (or-order of) all the insurance policies for all of the respective parties in the Underlying Action should be applied should all policies be valid and applicable.

**RESPONSE:**

34. True and complete copies of all claim files, notes, documents, correspondence, memoranda, notes of phone calls, reflecting the basis of Seneca's position with respect to providing insurance coverage to 2939 and/or Weiss in the Underlying Action.

**RESPONSE:**

**PLEASE TAKE FURTHER NOTICE** that if you do not comply with these demands, an appropriate application of relief will be made to the Court.

TO:    Seth A. Abrams, Esq.
Donnelly Minter & Kelly LLC
163 Madison Avenue, Suite 320
Morristown, NJ 07960
sabrams@dmklawgroup.com
*Attorneys for Plaintiffs*

Warren S. Koster, Esq.
Matthew Joseph Koster, Esq.
Koster Brady & Nagler LLP
One Whitehall Street, 10th Floor
New York, NY 10004
wkoster@kbn-law.com
mkoster@kbn-law.com
*Attorneys for Linda and David Weiss*

Alyse Berger Heilpern, Esq.
Labatte, Balkan, Colavita & Contini LLP
3 Huntington Quadrangle, Suite 102S
Melville, NY 11747
aheilpern@lbcclaw.com
*Attorneys for Great Am. Alliance Ins. Co.*

Michael Justin Schacher, Esq.
Gordon Rees Scully Mansukhani, LLP
Mamaroneck Ave., Suite 503
Harrison, NY 10528
mschacher@grsm.com
Attorneys for Bulson

## CERTIFICATION

I hereby certify that the foregoing answers are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____