## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MASSACHUSETTS BAY INSURANCE CO. and HANOVER INSURANCE GROUP, INC.,** | Civil Action No.: 21-cv-09184 |
| **Plaintiff,** | |
| **v.** | **AGREED CONFIDENTIALITY ORDER** |
| **SENECA INSURANCE COMPANY, INC., GREAT AMERICAN ALLIANCE INSURANCE COMPANY, 2939, LLC, JOHN DOES 1–10, and ABC CORPORATIONS 1–10,** | USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #:_____ DATE FILED: 6/28/2022 |
| **Defendants,** | |
| **and** | |
| **RI XIAN WANG MEI YING LIN LINDA WEISS DAVID WEISS BULSON MANAGEMENT, LLC,** | |
| **Interested Parties.** | |

## AGREED CONFIDENTIALITY ORDER

The parties to this Order have agreed to its terms; accordingly, it is ORDERED THAT:

1.     **Scope.**  All materials produced or adduced in the course of discovery, including

initial disclosures, responses to discovery requests, deposition testimony and exhibits, and

information derived directly therefrom (hereinafter collectively "documents"), shall be subject to

this Order concerning Confidential Information as defined below. This Order is subject to the

Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and

1

calculation of time periods.

2.      **Confidential Information.**  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identifying information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; (h) financial records of a person who is not a party to the case that have been produced pursuant to a court order; or (i) bank account and/or related financial information.  Information or documents that are in the public domain may not be designated as Confidential Information.

3.      **Designation.**  A producing party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except

that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

4.    **Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until no later than the fourteenth day after the transcript is delivered to any party or the witness.  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5.    **Protection of Confidential Material.**

(a)    **General Protections.**  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any  appeal thereof.

(b)    **Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any  third person or entity except as set forth in subparagraphs (1)-(10). Subject to these  requirements, the following categories of persons may be allowed to review Confidential  Information:

(1)    **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action;

(2)    **Parties.**  Individual parties and employees of a party but only to

the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

        **(3)**       **The Court and its personnel;**

        **(4)**       **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

        **(5)**       **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

        **(6)**       **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

        **(7)**       **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

        **(8)**       **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation);

        **(9)**       **Auditors and Reinsurance**. Disclosure of confidential information is permitted to the extent that disclosure may be required for audit, compliance, or

4

other regulatory purposes or for reinsurance; and

         **(10)**    **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

        **(c)**    **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

      6.    **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

      7.    **Filing of Confidential Information.** Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court shall do so under seal. Any such filing must comply with the Federal and Local Rules and Procedures, including the "Rules For Redactions And Filing Under Seal" contained in the Appendix to Honorable Lehrburger's Individual Practices in Civil Cases which are incorporated

herein.

8.      **Privileged Documents.**  Privileged documents are not addressed by this Order

except that documents that are privileged as to one party but not another shall be produced to the

party to whom the document is not privileged, and the document may be designated as

Confidential Information..

9.      **Challenges by a Party to Designation as Confidential Information.**  The

designation of any material or document as Confidential Information is subject to  challenge by

any party.  The following procedure shall apply to any such challenge:

(a)      **Meet and Confer**.  A party challenging the designation of Confidential

Information must do so in good faith and must begin the process by  conferring directly with

counsel for the designating party.  In conferring, the challenging  party must explain the basis

for its belief that the confidentiality designation was not proper and must give the designating

party an opportunity to review the designated  material, to reconsider the designation, and, if no

change in designation is offered, to  explain the basis for the designation.  The designating party

must respond to the  challenge within five (5) business days.

(b)      **Judicial Intervention.**  A party that elects to challenge a  confidentiality

designation may file and serve a motion that identifies the challenged  material and sets forth in

detail the basis for the challenge.  Each such motion must be  accompanied by a competent

declaration that affirms that the movant has complied  with the meet and confer requirements of

this procedure.  The burden of persuasion in  any such challenge proceeding shall be on the

designating party.  Until the Court rules  on the challenge, all parties shall continue to treat the

materials as Confidential  Information under the terms of this Order.

10.      **Action by the Court.**  Applications to the Court for an order relating to  materials

or documents designated Confidential Information shall be by motion.  Nothing in this Order or

any action or agreement of a party under this Order limits the Court's power to make orders

concerning the disclosure of documents produced in discovery or at trial.

**11.     Use of Confidential Documents or Information at Trial.**  Nothing in this Order

shall be construed to affect the use of any document, material, or information at any trial or

hearing.   A party that intends to present or that anticipates that another party may present

Confidential Information at a hearing or trial shall bring that issue to the Court's and the

parties' attention by motion or in a pretrial memorandum without disclosing the Confidential

Information. The Court may thereafter make such orders as are necessary to govern the use of

such documents or information at trial.

**12.     Confidential Information Subpoenaed or Ordered Produced in Other

Litigation.**

**(a)**     If a receiving party is served with a subpoena or an order issued in other

litigation that would compel disclosure of any material or document designated in this action as

Confidential Information, the receiving party must so notify the designating party, in writing,

immediately and in no event more than three court days after receiving the subpoena or order.

Such notification must include a copy of the subpoena or court order.

**(b)**     The receiving party also must immediately inform in writing the party

who caused the subpoena or order to issue in the other litigation that some or all of the material

covered by the subpoena or order is the subject of this Order. In addition, the receiving party

must deliver a copy of this Order promptly to the party in the other action that caused the

subpoena to issue.

**(c)**     The purpose of imposing these duties is to alert the interested persons to

the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14. **Application to Third Parties.**

This Order shall apply to material produced or obtained in discovery by, from, or through any party to this civil action or any third party, regardless of the format in which it is contained, including documents, electronic files, responses to discovery requests, and oral testimony.  Third parties may therefore designate material as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order and all of its protections and obligations, the same way as if they were a party to this proceeding.

15. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.**  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential  Information

and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this

Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless:  (1)

the document has been offered into evidence or filed  without restriction as to disclosure; (2) the

parties agree to destruction to the extent  practicable in lieu of return;[1] or (3) as to documents

bearing the notations, summations, or other mental impressions of the receiving party, that party

elects to destroy the  documents and certifies to the producing party that it has done so.

**(c)     Retention of Work Product and One Set of Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, counsel may retain (1)

attorney work product, including an index that refers or relates to designated  Confidential

Information so long as that work product does not duplicate verbatim  substantial portions of

Confidential Information, and (2) one complete set of all  documents filed with the Court

including those filed under seal.  Any retained Confidential Information shall continue to be

protected under this Order.  An attorney  may use his or her work product in subsequent

litigation, provided that its use does not  disclose or use Confidential Information.

**(d)     Deletion of Documents filed under Seal from Electronic Case Filing
(ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**16.     Order Subject to Modification.** This Order shall be subject to modification by

the Court on its own initiative or on motion of a party or any other person with standing

concerning the subject matter.

**17.     No Prior Judicial Determination.** This Order is entered based on the

---

[1] The receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

representations and agreements of the parties and for the purpose of facilitating discovery.

Nothing herein shall be construed or presented as a judicial determination that any document or

material designated Confidential Information by counsel or the parties is entitled to protection

under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the

Court may rule on a specific document or issue.

      **18.**    **Persons Bound.**  This Order shall take effect when entered and shall be  binding

upon all counsel of record and their law firms, the parties, and persons made  subject to this

Order by its terms.

| **DONNELLY MINTER & KELLY, LLC**<br><br>s/Seth A. Abrams<br>Seth A. Abrams<br>163 Madison Ave., Suite 320<br>Morristown, New Jersey 07960<br>(973) 200-6408<br>sabrams@dmklawgroup.com<br><br>*Counsel for Plaintiffs, Massachusetts Bay Insurance Company and Hanover Insurance Group* | **RIVKIN RADLER LLP**<br><br>*Frank A. Valverde*<br>_____<br>Frank A. Valverde<br>926 RXR Plaza<br>Uniondale, New York 11556-0926<br>Frank.valverde@rivkin.com<br><br>*Counsel for Seneca Insurance Company* |
| --- | --- |
| **KOSTER BRADY & NAGLER LLP**<br><br>s/Warren S. Koster<br>Warren S. Koster<br>One Whitehall Street, 10th Floor<br>New York, New York 10004<br>wkoster@kbn-law.com<br><br>*Counsel for 2939, Linda and Davis Weiss* | **GORDON REES SCULLY MANSUKHANI, KKP**<br><br>s/ Michael J. Schacher<br>Michael J. Schacher<br>Mamaroneck Avenue, Suite 503<br>Harrison, New York  10528<br>mschacher@grsm.com<br><br>*Counsel for Bulson* |
|  |  |

| **LABATTE, BALKAN, COLAVITA & CONTINI LLP** | **MORELLI LAW FIRM, PLLC** |
|---|---|
| s/Alyse Berger Heilpern | s/David L. Sobiloff |
| Alyse Berger Heilpern<br>3 Huntington Quadrangle, Suite 102S<br>Melville, New York 11747<br>aheilpern@lbcclaw.com | David L. Sobiloff, Esq.<br>777 Third Avenue, 31st Floor<br>New York, New York 10017<br>dsobiloff@morellilaw.com |
| *Counsel for Great American Alliance Insurance Company* | *Counsel for Wang and Lin* |

*SO ORDERED:*

Dated: _____        _____

Robert W. Lehrburger, U.S.M.J.

SO ORDERED:

6/28/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

11

## ADDENDUM

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES'
STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court
a party to the stipulation or imply that the Court agrees that documents designated as
"Confidential" by the parties are in fact confidential. It has been this Court's consistent
experience that confidentiality stipulations are abused by parties and that much material that is
not truly confidential is designated as such. The Court does not intend to be a party to such
practices.

The Court operates under a presumption that the entire record should be publicly available. The
Court does not ordinarily file decisions under seal or redact material from them. If the Court
issues a decision in this case that refers to "confidential" material under this stipulation, the
decision will not be published for ten days. The parties must, within that ten-day period, identify
to the Court any portion of the decision that one or more of them believe should be redacted,
provide the Court with the purportedly confidential material, and explain why that material is
truly confidential. The Court will then determine whether the material is in fact genuinely
deserving of confidential treatment. The Court will only redact portions of a publicly available
decision if it concludes that the material discussed is in fact deserving of such treatment. The
Court's decision in this regard is final. If this addendum is acceptable to the parties, the Court
will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is
not acceptable, the Court will not sign the stipulation, and should allegedly confidential material
be produced, the parties will be referred to the magistrate judge for a document by document
review and decision on whether that document should be subject to confidential treatment.

*5868467.v1*

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MASSACHUSETTS BAY INSURANCE CO. and HANOVER INSURANCE GROUP, INC.,** | Civil Action No.: 21-cv-09184 |
|       **Plaintiff,** | |
| **v.** | **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |
| **SENECA INSURANCE COMPANY, INC., GREAT AMERICAN ALLIANCE INSURANCE COMPANY, 2939, LLC, JOHN DOES 1–10, and ABC CORPORATIONS 1–10,** | |
|       **Defendants,** | |
| **and** | |
|       **RI XIAN WANG<br>MEI YING LIN<br>LINDA WEISS<br>DAVID WEISS<br>BULSON MANAGEMENT, LLC,** | |
|       **Interested Parties.** | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that s/he has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligation

13

her/him to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

[THIS PORTION LEFT INTENTIONALLY BLANK.]

*5868467.v1*

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____     _____

Signature

15