DONNELLY MINTER & KELLY, LLC

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/2024

MEMO ENDORSED

JARED J. LIMBACH
Direct Dial 973.200.6386
jlimbach@dmklawgroup.com

September 16, 2024

Via ECF

The Honorable Colleen McMahon, U.S.D.J.
500 Pearl Street, Room 2550
United States Courthouse
New York, New York 10007

*9/23/2024 I will treat this as a motion (and it should have been made as a motion — I do not except "letter motions"). Response due September 30, reply October 7.*

Re:    **Massachusetts Bay Ins. Co., et al. v. Seneca Ins. Co., Inc., et al.**
       **Case No. 1:21-cv-09184**
       **Our File No. 349.202**

Dear Judge McMahon:

Our firm represents Plaintiffs Massachusetts Bay Insurance Company and Hanover Insurance Group, Inc. (collectively, "Plaintiffs") in the above-referenced declaratory judgment action. In furtherance of our letter of September 4, 2024 (ECF No. 155) and the Court's Memorandum Endorsement of September 5, 2024 (ECF No. 156), the parties have met and conferred regarding redactions to portions of the parties' pending motions for summary judgment. Although the parties were able to reach consensus on certain issues, differences of opinion remain regarding whether portions of the record can or should be sealed. To that end, please accept this correspondence in lieu of a more formal submission in support of Plaintiffs' request to seal portions of the motion record.

**PROCEDURAL HISTORY**

By way of background, on June 28, 2022, the Honorable Robert W. Lehrburger, U.S.M.J. entered an Agreed Confidentiality Order (the "Confidentiality Order") with the consent of all parties (ECF No. 72). Among other things, the Order permitted parties to designate documents

*In the meantime make sure I have UN-redacted courtesy copies of the motion papers delivered to my chambers.*

163 Madison Avenue, Suite 320
Morristown, NJ 07960
Tel: 973.200.6400
Fax: 973.200.6401
dmklawgroup.com

40 Wall Street, 28th Floor
New York, New York 10005
Tel: 212.537.9125
Fax: 212.537.9198
dmklawgroup.com

DONNELLY MINTER & KELLY, LLC

and information as "Confidential" during the course of discovery.  The Order also included the

following provisions:

> 7.    **Filing of Confidential Information.**  Any party
> wishing to file a document designated as Confidential Information
> in connection with a motion, brief, or other submission to the Court
> shall do so under seal.  Any such filing must comply with the Federal
> and Local Rules and Procedures, including the "Rules for
> Redactions and Filing Under Seal" contained in the Appendix to
> Honorable Lehrburger's Individual Practices in Civil Cases which
> are incorporated herein.

> 8.    **Privileged Documents.**  Privileged documents are
> not addressed by this Order except that documents that are
> privileged as to one party but not as to another shall be produced to
> the party to whom the document is not privileged, and the document
> may be designated as Confidential Information.

Among the discovery exchanged in this declaratory judgment action are claim notes and

status reports pertaining to the underlying personal injury case.  Initially, the claim notes and

reports containing privileged and confidential information regarding defense strategy for the

underlying action were redacted out of consideration for the privileges and rights of the underlying

defendants.[1]  However, at the request of Defendant Seneca Insurance Co. ("Seneca") (ECF

No. 82), the Court entered two Orders dated September 13 and 27, 2022 (ECF Nos. 97 & 100)

compelling Plaintiffs to remove certain redactions, thereby giving the insurance defendants access

to Plaintiffs' full claim file with minimal redactions.

It is these unredacted documents pertaining to the underlying action that are the subject of

this letter motion.  Both Plaintiffs and Seneca have e-filed redacted motions and separately

---

[1] Notably, at the time this discovery was requested exchanged, the underlying action remained
ongoing, and the underlying plaintiffs, Ri Xian Wang and Mei Ying Lin (collectively, the
"Claimants") were involved in this declaratory judgment action as interested parties.

submitted unredacted versions to the Court pursuant to the Confidentiality Order and the Court's September 5, 2024 Memo Endorsement.  For the reasons that follow, Plaintiffs respectfully request the entry of an Order pursuant to Federal Civil Rule 5.2 sealing those portions of the motion record that encroach upon the privileges and protections of the underlying defendants, as well as the Plaintiffs and their agents and representatives.

## LEGAL ARGUMENT

### THE CIRCUMSTANCES OF THIS CASE REQUIRE THE SEALING OF PORTIONS OF THE MOTION RECORD TO PROTECT THE PRIVILEGES AND CONFIDENTIALITY OF THE UNDERLYING DEFENDANTS.

Although our courts have recognized "a general right to inspect and copy public records and documents, including judicial records and documents," that right "is not absolute" (*Nixon v Warner Comm'cns., Inc.*, 435 US 589, 597–98 [1978]).  As the Supreme Court has made clear, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for an improper purpose" (*id.* at 598; *see also In re Applications to Unseal 98 CR 1101(ILG)*, 568 Fed Appx 68, 69 [2d Cir 2014] [Summary Order] ["The right of access is, of course, qualified, and documents may be sealed in some cases."]).  Moreover, the Court has held that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case" (*Nixon*, 435 US at 599).

"'The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal'" (*JJS v Petrucci*, 2024 WL 3518520, at *1 [SDNY July 23, 2024], quoting *Church Ins. Co. v ACE Prop. & Cas. Ins. Co.*, 2010 WL 3958791, at *2 [SDNY Sept. 23, 2010]).  The Court must first determine whether the documents are "judicial documents,"

i.e., "documents that are 'relevant to the performance of the judicial function and useful in the judicial process'" (*id.*, quoting *Lugosch v Pyramid Co. of Onondaga*, 435 F3d 110, 119 [2d Cir. 2006]). The Court must then consider "the weight of the presumption of access and the public's First Amendment right to access the documents" (*id.*). Finally, the Court "must 'balance competing considerations' against the presumption of full public access" (*id.*, quoting *Lugosch*, 435 F3d at 120). Put differently, the Court must determine whether sealing "'is essential to preserve higher values and is narrowly tailored to serve that interest'" (*Bernstein v Bernstein Litowitz Berger & Grossman LLP*, 814 F3d 132, 144 [2d Cir 2016], quoting *In re N.Y. Times Co.*, 828 F2d 110, 116 [2d Cir 1987]).

In the instant matter, there is no dispute that the items in question are "judicial documents" subject to a presumption of access. The question before the Court is whether that presumption is outweighed by the countervailing interests of privilege and confidentiality. Specifically, Plaintiffs maintain that the documents and information at issue (described in more detail below) are protected by the attorney-client privilege and the work product doctrine.[2]

"The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice" (*United States v Mejia*, 655 F3d 126, 132 [2d Cir 2011]). Notably, in an insurance defense context, the "common interest rule" extends the privilege to

---

[2] It bears noting that Plaintiffs themselves are not the holders of the attorney-client privilege. As the Second Circuit has acknowledged, "[t]he attorney-client privilege belongs to the client" (*United States v Amodeo*, 71 F3d 1044, 1052 [2d Cir 1995]). With the exception of the Weisses and 2939, however, the "clients" at issue are not parties to this case. It is out of an abundance of caution, and a desire to avoid unwarranted disclosure of privileged and confidential information, that the undersigned submits this application for the Court's consideration.

**DONNELLY MINTER & KELLY, LLC**

communications among the insured, their assigned defense counsel, and the carrier (*see, e.g.,* *United States v Schwimmer*, 892 F2d 237, 243–44 [2d Cir 1989] [explaining the common interest rule and the basis therefor]; *Tudor Ins. Co. v Golovunin*, 2010 WL 11627209, at *3 [EDNY April 15, 2010] [explaining that the common interest rule extends the attorney-client privilege to include disclosures to an insurer who is providing representation in an underlying lawsuit]).  Like the attorney-client privilege itself, the common interest rule is intended "'to protect the free flow of information from client to attorney'" (*Schwimmer*, 892 F2d at 243, quoting Capra, *The Attorney-Client Privilege in Common Representations*, 20 Trial Lawyers Quarterly, Summer 1989, at 21).

Along the same lines, the work product doctrine codified in Federal Civil Rule 26(b)(3) "'shields from disclosure materials prepared in anticipation of litigation by a party or the party's representative, absent a showing of substantial need'" (*Complex Systems, Inc. v ABN AMRO Bank N.V.*, 279 FRD 140, 145 [SDNY 2011], quoting *United States v Adlman*, 68 F3d 1495, 1501 [2d Cir 1995]).  "The purpose of the rule is to afford a litigant 'a zone of privacy in which [his] lawyer can prepare and develop legal theories and strategy with an eye toward litigation, free from unnecessary intrusion by his adversaries'" (*id.* [alteration in original], quoting *United States v Adlman*, 134 F3d 1194, 1196 [2d Cir 1998]).  The greatest protections under the work product doctrine are afforded to "an attorney's mental impressions, conclusions, opinions, or legal theories concerning litigation" (*id.*).

The Second Circuit "ha[s] implied — but never expressly held — that protection of the attorney-client privilege is a 'higher value' under the First Amendment that may rebut the presumption of access" (*Bernstein*, 814 F3d at 145, citing).  It is therefore not uncommon for filings containing privileged communications and work product to be sealed by the court (*see, e.g.,*

*Novartis Int'l Pharm. AG v Incyte Corp.*, 2024 WL 3606508, at *1 [SDNY July 29, 2024] [holding that "because the document at the heart of the sealing request has been determined to be privileged work product, the countervailing interest of preserving the privilege outweighs the presumption of public access"]; *United Specialty Ins. Co. v. LIC Contracting, Inc.*, 2022 WL 74157, at *5 [EDNY Jan. 6, 2022] [granting motion to file documents under seal "because they contain attorney-client communications or references thereto, communications and notes regarding litigations strategy, and attorney work product, such as confidential mediation statements and calculations relating to settlement value"]; *Moshell v Sasol Limited*, 2021 WL 67107, at *1 [SDNY Jan. 4, 2021] [holding that "Plaintiff's interest in limiting the dissemination of confidential material outweigh the presumption of public access" to documents and correspondence prepared by a private investigator and the attorneys who retained them].

Against this backdrop, Plaintiffs respectfully request an order sealing the following items:

| **Document** | **Description** | **Basis for Sealing** |
|---|---|---|
| Joint Exhibit 16[3] | July 6, 2017 Letter from Sim R. Shapiro, Esq. to Donna Normile (Hanover) | This letter from assigned defense counsel to the carrier regarding the underlying action is protected by the attorney-client privilege. |

---

[3] This exhibit is annexed to the parties' Rule 56.1 Joint Statement of Undisputed Material Facts.

| Limbach Exhibit 1[4] | August 19, 2016 Claim Note of Donna Normile | This claim note contains and reflects the mental impressions and analysis of the assigned claim adjuster, Donna Normile, regarding the underlying claim and is therefore protected work product. |
| --- | --- | --- |
| Limbach Exhibit 2 | September 28, 2016 Claim Note of Joseph Pender | This claim note contains and reflects the mental impressions and analysis of Ms. Normile's supervisor, Joseph Pender, regarding the underlying claim and is therefore protected work product. |
| Limbach Exhibit 3 | November 7, 2016 MBIC Letter to Industria | This letter from an insurance carrier to its insured regarding the assignment of counsel for the underlying claim is protected work product. |
| Limbach Exhibit 4 | November 21, 2016 E-mail/ Claim Note from Donna Normile | This e-mail and claim note contains and reflects the mental impressions and analysis of the assigned claim adjuster, Donna Normile, regarding the underlying claim and is therefore protected work product. |

---

[4] These exhibits are annexed to the Declaration of Jared J. Limbach filed in support of Plaintiffs' motion for summary judgment.

| Limbach Exhibit 5 | January 21, 2017 Claim Note of Donna Normile | This claim note contains and reflects the mental impressions and analysis of the assigned claim adjuster, Donna Normile, and defense counsel, James Sawicki, Esq., regarding the underlying claim and is therefore protected work product.  The communications are also protected by the attorney-client privilege. |
| --- | --- | --- |
| Limbach Exhibit 6 | May 5, 2017 Claim Note of Donna Normile | This claim note contains and reflects the mental impressions and analysis of the assigned claim adjuster, Donna Normile, and defense counsel, James Sawicki, Esq., regarding the underlying claim and is therefore protected work product.  The communications are also protected by the attorney-client privilege. |
| Limbach Exhibit 7 | May 5, 2017 Claim Note of Donna Normile | This claim note contains and reflects the mental impressions and analysis of the assigned claim adjuster, Donna Normile, regarding the underlying claim and is therefore protected work product. |
| Limbach Exhibit 8 | June 14, 2017 Claim Note of Donna Normile | This claim note contains and reflects the mental impressions and analysis of the assigned claim adjuster, Donna Normile, regarding the underlying claim and is therefore protected work product. |

DONNELLY MINTER & KELLY, LLC

| Limbach Exhibit 9 | June 16, 2017 Claim Note of Donna Normile | This claim note contains and reflects the mental impressions and analysis of the assigned claim adjuster, Donna Normile, and defense counsel, James Sawicki, Esq., regarding the underlying claim and is therefore protected work product.  The communications are also protected by the attorney-client privilege. |
| --- | --- | --- |
| Limbach Exhibit 10 | June 28, 2017 Claim Note of Donna Normile | This claim note contains and reflects the mental impressions and analysis of the assigned claim adjuster, Donna Normile, and defense counsel, James Sawicki, Esq., regarding the underlying claim and is therefore protected work product.  The communications are also protected by the attorney-client privilege. |
| Limbach Exhibit 11 | July 20, 2017 Claim Note of Donna Normile | This claim note contains and reflects the mental impressions and analysis of the assigned claim adjuster, Donna Normile, regarding the underlying claim and is therefore protected work product.  The claim note also references communications with defense counsel that are protected by the attorney-client privilege. |



| Limbach Exhibit 12 | June 1, 2018 E-mail and Letter from Sim R. Shapiro, Esq. to Donna Normile | This report from assigned defense counsel to the carrier contains analysis of the underlying claim and is protected by the attorney-client privilege and work product doctrine. |
|---|---|---|
| Limbach Exhibit 13 | May 14, 2019 E-mail and Letter from Sim R. Shapiro, Esq. to Donna Normile | This report from assigned defense counsel to the carrier contains analysis of the underlying claim and is protected by the attorney-client privilege and work product doctrine. |
| Limbach Exhibit 14 | May 16, 2019 Claim Note of Donna Normile | This claim note contains and reflects the mental impressions and analysis of the assigned claim adjuster, Donna Normile, and defense counsel, Sim Shapiro, Esq., regarding the underlying claim and is therefore protected work product.  The communications are also protected by the attorney-client privilege. |
| Limbach Exhibit 15 | May 22, 2019 Claim Note of Joseph Pender | This claim note contains and reflects the mental impressions and analysis of Ms. Normile's supervisor, Joseph Pender, regarding the underlying claim and is therefore protected work product. |

| Limbach Exhibit 16 | September 3, 2019 Memorandum from nurse Kathy Lamb to Donna Normile | This report prepared by an agent of the insurance carrier is protected work product. The memorandum also contains detailed personal medical information regarding the underlying claimant, Ri Xian Wang. |
|---|---|---|
| Limbach Exhibit 17 | November 7, 2019 E-mail and Letter from Sim R. Shapiro, Esq. to Donna Normile | This report from assigned defense counsel to the carrier contains analysis of the underlying claim and is protected by the attorney-client privilege and work product doctrine. |
| Limbach Exhibit 18 | November 18, 2019 IME Report of Dr. Robert April | This IME report contains detailed personal medical information regarding the underlying claimant, Ri Xian Wang. |
| Limbach Exhibit 21 | February 3, 2020 E-mail and Letter from Sim R. Shapiro, Esq. to Donna Normile | This report from assigned defense counsel to the carrier contains analysis of the underlying claim and is protected by the attorney-client privilege and work product doctrine. |
| Limbach Exhibit 22 | October 26, 2021 Claim Note of Philip Pancoast | This claim note contains and reflects the mental impressions and analysis of the assigned claim adjuster, Philip Pancoast, regarding the underlying claim and is therefore protected work product. |

DONNELLY MINTER & KELLY, LLC

| | | |
|---|---|---|
| Limbach Exhibit 23 | November 2, 2021 Letter from Sim R. Shapiro, Esq. to Donna Normile and Philip Pancoast | This report from assigned defense counsel to the carrier contains analysis of the underlying claim and is protected by the attorney-client privilege and work product doctrine. |
| Limbach Exhibit 24 | August 10, 2022 Claim Note of Philip Pancoast | This claim note contains and reflects the mental impressions and analysis of the assigned claim adjuster, Donna Normile, and defense counsel, Sim Shapiro, Esq., regarding the underlying claim and is therefore protected work product. The communications are also protected by the attorney-client privilege. |
| Limbach Exhibit 25 | September 20, 2022 Claim Note of Philip Pancoast | This claim note contains and reflects the mental impressions and analysis of the assigned claim adjuster, Donna Normile, and defense counsel, Sim Shapiro, Esq., regarding the underlying claim and is therefore protected work product. The communications are also protected by the attorney-client privilege. |
| Limbach Exhibit 26 | September 20, 2022 Claim Note of Philip Pancoast | This claim note contains and reflects the mental impressions and analysis of the assigned claim adjuster, Donna Normile, and defense counsel, Sim Shapiro, Esq., regarding the underlying claim and is therefore protected work product. The communications are also protected by the attorney-client privilege. |



| Limbach Exhibit 27 | October 26, 2022 Claim Note of Philip Pancoast | This claim note contains and reflects the mental impressions and analysis of the assigned claim adjuster, Donna Normile, and defense counsel, Sim Shapiro, Esq., regarding the underlying claim and is therefore protected work product. The communications are also protected by the attorney-client privilege. |
|---|---|---|
| Limbach Exhibit 28 | Excerpts from the January 29, 2024 Deposition of Donna Normile | Plaintiffs propose to redact T18:3 to 19:18. This testimony discusses at length a legal assessment by assigned defense counsel (James Sawicki, Esq.) regarding additional insured coverage, as well as his communications with Donna Normile on that subject. |
| Plaintiffs' SOMF ¶ 33 | Description of the mental impressions and analysis of Joseph Pender | For the reasons set forth above for Limbach Exhibit 2, Mr. Pender's mental impressions and analysis are protected work product. |
| Plaintiffs' SOMF ¶¶ 38–39 | Description of the mental impressions and analysis of Donna Normile | For the reasons set forth above for Limbach Exhibit 4, Ms. Normile's mental impressions and analysis are protected work product. |
| Plaintiffs' SOMF ¶ 41 | Description of communication between adjuster Donna Normile and defense counsel | This communication is protected by the attorney-client privilege. |

| Plaintiffs' SOMF ¶ 44 | Description of communications between adjuster Donna Normile and defense counsel | These communications are protected by the attorney-client privilege.  The mental impressions and analysis of defense counsel are also protected work product. |
|---|---|---|
| Plaintiffs' SOMF ¶ 46 | Description of the mental impressions and analysis of adjuster Donna Normile and communications between Ms. Normile and defense counsel | Ms. Normile's mental impressions and analysis are protected work product, and her communications with defense counsel are protected by the attorney-client privilege. |
| Plaintiffs' SOMF ¶ 50 | Description of communications between defense counsel and MBIC/Hanover | These communications are protected by the attorney-client privilege. |
| Plaintiffs' SOMF ¶ 52 | Description of litigation plan reflected in claim note | This claim note reflects the mental impressions and analysis of adjuster Donna Normile and is protected work product. |
| Plaintiffs' SOMF ¶ 56 | Description of communications between defense counsel and MBIC/Hanover | These communications are protected by the attorney-client privilege. |
| Plaintiffs' SOMF ¶ 61 | Description of communications between defense counsel and MBIC/Hanover | These communications are protected by the attorney-client privilege. |
| Plaintiffs' SOMF ¶ 62 | Description of the mental impressions and analysis of adjuster Donna Normile | As stated for Limbach Exhibit 14 and 15 above, Ms. Normile's mental impressions and analysis are protected work product. |



| | | |
|---|---|---|
| Plaintiffs' SOMF ¶ 63 | Descriptions of analysis by nurse Kathy Lamb | As stated for Limbach Exhibit 16 above, Ms. Lamb's mental impressions and analysis are protected work product. |
| Plaintiffs' SOMF ¶ 91 | Description of communications between defense counsel and MBIC/Hanover | These communications are protected by the attorney-client privilege. |
| Plaintiffs' SOMF ¶ 92 | Description of communications between defense counsel and MBIC/Hanover | These communications are protected by the attorney-client privilege. |
| Plaintiffs' SOMF ¶ 93 | Description of communications between defense counsel and MBIC/Hanover | These communications are protected by the attorney-client privilege. |
| Plaintiffs' SOMF ¶ 122 | Description of mock jury analysis undertaken by MBIC/Hanover | This analysis was undertaken in furtherance of the underlying litigation and is protected work product. |
| Plaintiffs' SOMF ¶ 123 | Description of communications between defense counsel and MBIC/Hanover | These communications are protected by the attorney-client privilege and represent protected work product. |
| Plaintiffs' SOMF ¶ 126 | Description of communications between defense counsel and MBIC/Hanover | These communications are protected by the attorney-client privilege and represent protected work product. |
| Plaintiffs' SOMF ¶ 127 | Description of communications between defense counsel and MBIC/Hanover | These communications are protected by the attorney-client privilege and represent protected work product. |

DONNELLY MINTER & KELLY, LLC

| | | |
|---|---|---|
| Plaintiffs' SOMF ¶ 127 | Description of communications between defense counsel and MBIC/Hanover and internal communications at MBIC/Hanover | These communications are protected by the attorney-client privilege and represent protected work product. |
| Plaintiffs' SOMF ¶ 128 | Description of communications between defense counsel and MBIC/Hanover | These communications are protected by the attorney-client privilege. |
| McKenna Exhibit 3[5] | Excerpts from the January 24, 2024 deposition of Philip Pancoast | Plaintiffs propose to redact T263:5 to 269:25. This section of the transcript contains significant quotations from and discussions of claim notes that are protected by the attorney-client privilege and work product doctrine. |
| Valverde Exhibit Z[6] | Collected excerpts from Plaintiffs' claim file for the underlying action | MBIC/Hanover 1200–03 consists of a series of e-mails between the claim adjuster (Donna Normile) and assigned defense counsel (James McCarthy, Esq. and James Sawicki, Esq.) regarding their retention in the underlying action. It is protected by the attorney-client privilege. |

[5] This exhibit is annexed to the Declaration of John McKenna, Esq. filed in support of Great American's motion for summary judgment.

[6] This exhibit is annexed to the Declaration of Frank Valverde, Esq. filed in support of Seneca's motion for summary judgment.

DONNELLY MINTER & KELLY, LLC

| | | |
|---|---|---|
| | | MBIC/Hanover 2080–81 is a portion of a July 30, 2021 claim note reflecting the mental impressions and analysis of adjuster Donna Normile regarding the underlying claim.  It is protected work product.<br><br>MBIC/Hanover 2100 contains a May 6, 2021 claim note reflecting the mental impressions and analysis of adjuster Donna Normile regarding the underlying claim.  It is protected work product.<br><br>MBIC/Hanover 2136 contains a September 17, 2020 claim note reflecting the mental impressions and analysis of adjuster Donna Normile regarding the underlying claim.  It is protected work product.  The note also contains descriptions of communications between Ms. Normile and assigned defense counsel that are protected by the attorney-client privilege.<br><br>MBIC/Hanover 2136–37 contains an August 19, 2020 claim note reflecting the mental impressions and analysis of Ms. Normile's supervisor, Joseph Pender, regarding the underlying action and related insurance coverage proceedings.  It is protected work product. |



| | | |
|---|---|---|
| Valverde Exhibit Z (cont'd) | Collected excerpts from Plaintiffs' claim file for the underlying action | MBIC/Hanover 2138–41 contains a series of claim notes dated August 14 to 19, 2020 reflecting the mental impressions and analysis of adjuster Donna Normile regarding the underlying action.  It is protected work product.  The notes also reflect communications with defense counsel that are protected by the attorney-client privilege at MBIC/Hanover 2138–39.<br><br>MBIC/Hanover 2171–73 consists of a June 2, 2020 e-mail/claim note containing the mental impressions and analysis of adjuster Donna Normile regarding the underlying action and related insurance coverage proceedings.  It is protected work product.<br><br>MBIC/Hanover 2195 contains a February 5, 2020 claim note reflecting the mental impressions and analysis of supervisor Joseph Pender regarding the underlying claim.  It also contains a description of communications with assigned defense counsel (Sim Shapiro, Esq.) that are protected by the attorney-client privilege. |

DONNELLY MINTER & KELLY, LLC

| Valverde Exhibit Z (cont'd) | Collected excerpts from Plaintiffs' claim file for the underlying action | MBIC/Hanover 2198–99 contains a portion of a February 5, 2020 claim note reflecting the mental impressions and analysis of supervisor Joseph Pender regarding the underlying claim and related coverage proceedings.  It also reflects some communications with assigned defense counsel (Sim Shapiro, Esq.) that are protected by the attorney-client privilege.<br><br>MBIC/Hanover 2237 contains an October 8, 2019 claim note reflecting communications with assigned defense counsel. It is protected work product and subject to the attorney-client privilege.<br><br>MBIC/Hanover 2357 contains a March 21, 2017 claim note reflecting communications with assigned defense counsel. It is protected work product and subject to the attorney-client privilege.<br><br>MBIC/Hanover 2357–58 contains a March 7, 2017 claim note reflecting the mental impressions and analysis of adjuster Donna Normile regarding the underlying claim.  It is protected work product. |



| Valverde Exhibit Z (cont'd) | Collected excerpts from Plaintiffs' claim file for the underlying action | MBIC/Hanover 2358 contains a February 18, 2017 claim note reflecting the mental impressions and analysis of adjuster Donna Normile regarding the underlying claim.  It is protected work product.<br><br>MBIC/Hanover 2358 contains a February 17, 2017 claim note reflecting the mental impressions and analysis of adjuster Donna Normile regarding the underlying claim.  It is protected work product.<br><br>MBIC/Hanover 2358–62 contains a February 3, 2017 claim note reflecting the mental impressions and analysis of adjuster Donna Normile regarding the underlying claim.  It is protected work product.<br><br>MBIC/Hanover 2364–66 contains portions of a November 21, 2016 claim note reflecting the mental impressions and analysis of adjuster Donna Normile regarding the underlying claim.  It is protected work product. |

| Valverde Exhibit Z (cont'd) | Collected excerpts from Plaintiffs' claim file for the underlying action | MBIC/Hanover 2367 contains a November 16, 2016 claim note reflecting the mental impressions and analysis of supervisor Joseph Pender regarding the underlying claim. It is protected work product.<br><br>MBIC/Hanover 2367 contains a November 9, 2016 claim note reflecting the mental impressions and analysis of supervisor Joseph Pender regarding the underlying claim. It is protected work product.<br><br>MBIC/Hanover 2369–70 contains a November 7, 2016 claim note reflecting the mental impressions and analysis of adjuster Donna Normile and communications between Ms. Normile and the insured. It is protected work product.<br><br>MBIC/Hanover 2372–75 contains a September 7, 2016 claim note reflecting the mental impressions and analysis of adjuster Donna Normile and communications between Ms. Normile and the insured. It is protected work product. |

**DONNELLY MINTER & KELLY, LLC**

| | | |
|---|---|---|
| Valverde Exhibit Z (cont'd) | Collected excerpts from Plaintiffs' claim file for the underlying action | MBIC/Hanover 2375 contains an August 31, 2016 claim note reflecting the mental impressions and analysis of supervisor Joseph Pender and communications between MBIC/Hanover and the insured.  It is protected work product.

MBIC/Hanover 2376–78 contains an August 27, 2016 claim note reflecting the mental impressions and analysis of adjuster Donna Normile and communications between Ms. Normile and the insured.  It is protected work product.

MBIC/Hanover 2378–81 contains an August 19, 2016 claim note reflecting the mental impressions and analysis of adjuster Donna Normile.  It is protected work product.

MBIC/Hanover 2382–83 contains an August 19, 2016 claim note reflecting the mental impressions and analysis of adjuster Donna Normile.  It is protected work product. |

| Valverde Exhibit EE | January 29, 2024 deposition of Donna Normile | Plaintiffs urge the Court to sustain the redactions made by Seneca in its public filing. The redacted portions concern discussion of claim notes that reflect mental impressions, analysis, and at times communications with defense counsel and are therefore protected work product and covered by the attorney-client privilege. |
| --- | --- | --- |
| Valverde Exhibit FF | January 23, 2024 deposition of Philip Pancoast | Plaintiffs urge the Court to sustain the redactions made by Seneca in its public filing. The redacted portions, which are voluminous, concern discussion of claim notes that reflect mental impressions, analysis, and at times communications with defense counsel and are therefore protected work product and covered by the attorney-client privilege. |
| Valverde Exhibit II | December 19, 2023 deposition of Joseph Pender | Plaintiffs urge the Court to sustain the redactions made by Seneca in its public filing. The redacted portions, which are voluminous, concern discussion of claim notes that reflect mental impressions, analysis, and at times communications with defense counsel and are therefore protected work product and covered by the attorney-client privilege. |

| Seneca SOMF ¶ 36<br>Valverde Dec. ¶ 79 | Description of communications between defense counsel (James Sawicki, Esq.) and David Weiss. | This communication is protected by the attorney-client privilege and should be redacted. |
|---|---|---|
| Seneca SOMF ¶ 41<br>Valverde Dec. ¶ 84 | Description of the mental impressions and analysis of defense counsel (James Sawicki, Esq.) | The mental impressions and analysis of defense counsel are protected work product. |
| Seneca SOMF ¶ 43<br>Valverde Dec. ¶¶ 86, 89, 92, 104 | Description of the mental impressions and analysis of MBIC/Hanover representatives | The mental impressions and analysis of MBIC/Hanover representatives regarding the underlying claim are protected work product. |
| Seneca SOMF ¶ 69<br>Valverde Dec. ¶¶ 93, 94, 105 | Description of the mental impressions and analysis of MBIC/Hanover representatives regarding underlying settlement negotiations | The mental impressions and analysis of MBIC/Hanover representatives regarding the underlying claim are protected work product. |
| Valverde Dec. ¶ 85 | Description of the mental impressions and analysis of MBIC/Hanover representatives regarding underlying settlement negotiations | The mental impressions and analysis of MBIC/Hanover representatives regarding the underlying claim are protected work product. |
| Valverde Dec. ¶ 87 | Description of communication between MBIC/Hanover and defense counsel regarding underlying action | This communication is protected by the attorney-client privilege. |
| Valverde Dec. ¶ 93 | Description of communication between MBIC/Hanover and defense counsel regarding settlement negotiations in the underlying action | This communication is protected by the attorney-client privilege. |

| Valverde Dec. ¶ 94 | Description of the mental impressions and analysis of MBIC/Hanover representatives regarding underlying settlement negotiations | The mental impressions and analysis of MBIC/Hanover representatives regarding the underlying claim are protected work product. |
|---|---|---|
| Valverde Dec. ¶ 95 | Description of communications between defense counsel and MBIC/Hanover | These communications are protected by the attorney-client privilege. |
| Valverde Dec. ¶ 99 | Description of the mental impressions and analysis of adjuster Donna Normile | The mental impressions and analysis of MBIC/Hanover representatives regarding the underlying claim are protected work product. |

Unredacted copies of the aforementioned documents were provided to the Court by counsel on September 5, 2024. Should the Court require anything further to assess these requests to seal and redact, please do not hesitate to have a member of chambers contact our office.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

*/s/ Jared J. Limbach*

JARED J. LIMBACH

cc:    All Counsel of Record (via ECF)